IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| PAULETTE BROWN<br>MAURICE HOLMES,<br><br>  Plaintiff,<br><br>v<br><br>CITY OF CHICAGO<br> a municipal corporation;<br>CPD Officer Pers. ID PC0A198;<br>CPD Officer, Pers. ID PC0Y872;<br>CPD Officer, Pers. ID PC0X690;<br>Christoph Murrah, Pers. ID PC0AO56<br>Star #18003;<br>Brian Campbell Jr., Star #20380;<br>Ricardo J. Torres, Star #19482;<br>Angel Gutierrez Star #19482;<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 19-cv-08466<br><br>Hon. Judge Elaine E. Bucklo<br>Hon. Magistrate Judge Jeffery T. Gilbert |

FIRST AMENDED COMPLAINT

  The Plaintiffs, PAULETTE BROWN and MAURICE BROWN, by and through their attorneys, DVORAK LAW OFFICES, LLC, complains against Defendant CITY OF CHICAGO and DEFENDANT OFFICERS and states the following:

I.  JURISDICTION AND VENUE

1.  The incident in this Complaint occurred on February 26, 2018 in the City of Chicago, in Cook County, Illinois.

2.  The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); and

1

the Constitution of the United States.

3. Venue is proper under 28 U.S.C. § 1391(b)(2). On information and belief, all of the events giving rise to the claims asserted herein occurred within the district.

## II. PARTIES

4. The Plaintiffs, PAULETTE BROWN and MAURICE HOLMES, are residents of the City of Chicago, in Cook County, State of Illinois.

5. Plaintiff, MAURICE HOLMES, was originally mis-named as Plaintiff MAURICE BROWN in this complaint. Maurice Holmes is the Plaintiff's legal name.

6. Defendant CITY OF CHICAGO is a municipal corporation located in Cook County, Illinois, and is a municipal corporation. Defendant officers Chicago Police Officer, Pers. ID PC0A198, Chicago Police Officer, Pers. ID PC0Y872, Christoph Murrah #18003, Brian Campbell Jr. #20380, Ricardo J. Torres, and #19482 Angel Gutierrez #19482; (hereinafter "the Defendant Officers") are City of Chicago police officers who were working under color of law, and in the course and scope of their employment with the Defendant CITY OF CHICAGO at all relevant times pertinent to this complaint.

## III. FACTS AND CLAIMS

7. The Plaintiffs, Paulette Brown and her son Maurice Holmes, were at their house on February 26, 2018.

8. Around 5 p.m., three of the City of Chicago Police Officers rang the doorbell.

2

9. The Plaintiff, Paulette Brown, answered the door and the Defendant Officers informed the Plaintiffs they were looking for someone named "Pop Tart Sanders." Neither of the Plaintiffs knew anyone who went by that name.

10. Despite the Plaintiffs' objections, one or more of the Defendant Officers entered and subsequently searched the Plaintiffs' home without consent.

11. The officers did not have a warrant or any other lawful justification for this illegal search and seizure of the Plaintiffs' home.

12. One or more of the Defendant Officers held Plaintiff, Maurice Holmes, by gunpoint and handcuffed him in the home. At all times Maurice was cooperative and unarmed. This use of force was unreasonable and excessive.

13. One or more of the Defendant Officers attempted to handcuff Plaintiff, Paulette Brown, when she asked why she was being apprehended one or more of the Defendant Officers slammed her against the wall, hitting her face.

14. One or more of the Defendant Officers then cuffed her tightly. This use of force was unreasonable and excessive.

15. Both Paulette and Maurice Brown were placed in handcuffs and taken out of their home by one or more of the Defendant Officers.

16. The officers had no legal justification to detain either Plaintiff.

17. At the time of arrest, the Plaintiff, Paulette Brown, was wearing only a

poorly fastened bra and no shirt or shoes. Although she repeatedly asked one or more of the Defendant Officers if she could put on a shirt and shoes before being taken out of her home into the cold and public view, they refused.

18. One of the Defendant officers, a black male, roughly took the Plaintiff, Paulette Brown, outside to the police car by pushing her body forward and pulling her arms up causing the already tight handcuffs to cut deeper into her wrists.

19. Due to the unnecessarily forceful nature of the arrest the Plaintiff, Paulette Brown's bra became unfastened and her breasts exposed on the street in plain view of the neighbors and neighboring homes.

20. One or more of the Defendant Officers placed the Plaintiffs in one police car.

21. The Plaintiffs witness several other police cars in the vicinity when they were put into the police car.

22. The Plaintiffs remained in custody for several minutes before being released.

23. Prior to and after the unlawful entry of the Plaintiffs' home, each of the Defendant Officers were involved in a manhunt for a murder suspect in the near vicinity.

24. No criminal charges were brought against the Plaintiffs.

25. There was no probable cause or other legal justification for detaining and/or arresting the Plaintiffs.

26. During all of the actions of excessive force, illegal search and seizure of the Plaintiffs' home, and false arrest and/or illegal detention of the Plaintiffs, each of the Defendant Officers had the opportunity to prevent these unconstitutional actions from occurring, had a reasonable opportunity to intervene to prevent them from occurring, but failed to do so.

27. As a result of the Defendants' actions, the Plaintiffs experienced injuries, including but not limited to, loss of liberty, physical damage and pecuniary damages.

### COUNT I – ILLEGAL SEARCH AND SEIZURE/FAILURE TO INTERVENE TO PREVENT AN ILLEGAL SEARCH AND SEIZURE
### 42 U.S.C. § 1983
### Plaintiffs v. Defendant Officers

28. All of the above paragraphs are fully restated and incorporated herein.

29. One or more of the Defendant Officers entered the Plaintiffs' home without a warrant, consent, any exigent circumstance, or legal justification.

30. One or more of the Defendant Officers had the opportunity to prevent this illegal seizure from occurring, but failed to intervene to prevent this from occurring.

31. The actions of the Defendant Officers in illegally entering the Plaintiffs' home without consent, a warrant, or legal justification violated their rights under the Fourth Amendment to the United States Constitution to be secure in his person, house, papers, and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

32. As a result of the above-described wrongful infringement of the Plaintiffs'

rights, the Plaintiffs suffered damages as described above.

### COUNT II– UNLAWFUL DETENTION AND/OR ARREST/FAILURE TO INTERVEN TO PREVENT THE UNLAWFUL DETENTION AND/OR ARREST
### 42 U.S.C. § 1983
### Plaintiffs v. Defendant Officers

33. All of the above paragraphs are fully restated and incorporated herein.

34. One or more of the Defendant Officers caused to be detained and/or caused to be arrested the Plaintiffs without probable cause or other legal justification, therefore acting unreasonably, in violation of his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution, causing them damage.

35. One or more of the Defendant Officers had the opportunity to prevent this unlawful detention and/or arrest from occurring, but failed to intervene to prevent this from occurring.

36. As a result of the above-described wrongful infringement of the Plaintiffs' rights, the Plaintiffs suffered damages as described above.

### COUNT III– EXCESSIVE FORCE/FAILURE TO INTERVENE
### 42 U.S.C. § 1983
### Plaintiffs v. Defendant Officers

37. All of the above paragraphs are fully restated and incorporated herein.

38. One or more of the Defendant Officers without legal justification caused the Plaintiffs to be subject to excessive and unreasonable force, in violation of their rights under the Fourth Amendment of the United States Constitution.

39. One or more of the Defendant Officers had the opportunity to prevent this illegal seizure from occurring, but failed to intervene to prevent this from occurring.

40. As a result of the Defendant Officers' conduct the Plaintiffs suffered damages, including but not limited to those described above.

## COUNT IV--MONELL CLAIM
### 42 U.S.C. § 1983
### (Plaintiffs v. Defendant Officers)

41. All of the above paragraphs are fully restated and incorporated herein.

42. The Plaintiffs had a fundamental Fourteenth Amendment right to be free from unreasonable search of his home by the Defendant Officers.

43. The Defendant Officers were at all times relevant to this complaint employed by Defendant City of Chicago and were acting within the scope of their employment.

44. Defendant Officers were acting under color of law at all times.

45. Additionally, and/or alternatively, the City of Chicago's actions or inactions in this case supply the requisite color of law element to this Section 1983 action.

46. The City's failure to supervise, train and discipline Defendant Officers and other officers like the Defendant Officers allowed them to act with impunity and to use their police power to illegally search the Plaintiff's home without a warrant or legal justification and to use excessive force against civilians.

47. At all relevant times, the Defendant City of Chicago had a custom of failing to properly train, supervise and discipline its police officers, Defendant Officers included.

48. At all relevant times, the City of Chicago had in effect policies and procedures, rules, regulations, and general orders regarding the conduct of both on and off duty officers, agents, representatives, and or employees.

49. In addition to its general failure to properly discipline and train its officers, the City, more specifically, knows that its officers regularly engage in unlawful searches and seizures, without warrants, and yet takes no action to prevent this practice, despite being on notice through numerous citizen complaints that have pointed to this being a widespread custom or practice within the Chicago Police Department.

50. Defendant City of Chicago had a duty to institute and promulgate procedures, investigations and disciplinary actions that would have protected the Plaintiffs, but it failed to do so.

51. Defendant City of Chicago had a duty to institute and maintain a proper early warning system to identify problem officers but failed to do so.

52. The Defendant City of Chicago's failure was the direct cause of the Defendant Officers' illegal warrantless search of the Plaintiff's home.

53. As a result of the Defendant Officers' conduct the Plaintiff suffered damages, including but not limited to those described above.

### COUNT V- INDEMNIFICATION
### (Plaintiffs v. City of Chicago)

54. Each paragraph of this Complaint is fully restated herein.

55. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendant Officers described herein who took their actions while

under color of law and in the course and scope of their employment with the City of Chicago

57. Thus, the Plaintiffs seeks indemnification from the City of Chicago for any judgment obtained against the Defendant Officers.

## Request for Relief

WHEREFORE, The Plaintiffs respectfully requests that the Court enter judgment in their favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak, One of the
Attorneys for the Plaintiffs.

Richard Dvorak
Loren Jones
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com
loren.jones@civilrightsdefenders.com